1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

PATRICIA LAUCELLA, individually and on behalf of the Estate of ERIK LOMIS; NATALIA JOVOVICH; and NICOLE ROSE LOMIS

Plaintiffs,

v.

MEDTRONIC, INC.; and DOES 1 through 100,

Defendants.

**Case No.:** 2:25-cv-00466-SB-PVCx

**STIPULATED PROTECTIVE ORDER**

## INTRODUCTION

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are

1    entitled to confidential treatment under the applicable legal principles.  The parties

2    further acknowledge that this Stipulated Protective Order does not entitle them to

3    file confidential information under seal; Civil Local Rule 79-5 sets forth the

4    procedures that must be followed and the standards that will be applied when a party

5    seeks permission from the court to file material under seal.  Specifically, under Civil

6    Local Rule 79-5, the parties acknowledge that if any party seeks to file under seal

7    any Protected Material it must comply with Civil Local Rule 79-5. Protected

8    Material may only be filed under seal pursuant to a court order authorizing the

9    sealing of the specific Protected Material at issue.  If a Party's request to file

10    Protected Material under seal is denied by the court, then the Receiving Party may

11    file the information in the public record unless otherwise instructed by the court.

12          **Good cause** exists to support the entry of this protective order.  Plaintiffs'

13    Complaint alleges that Plaintiffs were damaged by the wrongful death of Decedent,

14    Erik Lomis ("Decedent").  SAC ¶ 1.  Plaintiffs further allege that a manufacturing

15    defect present in the Medtronic Evera™ XT DR DDBB1D4 ("the Device")

16    implanted in Decedent caused the event.  *Id.* ¶ 2.  As such, discovery in this action

17    will necessarily include disclosure of Decedent's confidential health records as well

18    as trade secrets, valuable research and development information, and other financial,

19    technical, and proprietary information related to the Device for which special

20    protection from public disclosure and from use for any purpose other than

21    prosecution of this action is warranted.  *See, e.g., United States ex rel. Dan Abrams*

22    *Co. LLC v. Medtronic, Inc.*, No. 215CV01212JAKASX, 2021 WL 5113487, at *1

23    (C.D. Cal. Nov. 3, 2021).  Accordingly, to expedite the flow of information, to

24    facilitate the prompt resolution of disputes over confidentiality of discovery

25    materials, to adequately protect information the parties are entitled to keep

26    confidential, to ensure that the parties are permitted reasonable necessary uses of

27    such material in preparation for and in the conduct of trial, to address their handling

28    at the end of the litigation, and serve the ends of justice, a protective order for such

information is justified in this matter.  It is the intent of the parties that information
will not be designated as confidential for tactical reasons and that nothing be so
designated without a good faith belief that it has been maintained in a confidential,
non-public manner, and there is good cause why it should not be part of the public
record of this case.

## STIPULATED PROTECTIVE ORDER

The parties have hereby stipulated and agreed, and therefore IT IS
ORDERED, that all discovery, including documents produced in this action, shall
be subject to the following restrictions, and that the following terms and conditions
shall govern the treatment of Confidential Information.

1.    **Confidential Information.** "Confidential Information" refers to
information, documents, or other material that the designating party reasonably and
in good faith believes constitutes or reflects trade secrets or information whose
confidentiality is otherwise protectable under applicable law. This includes but is
not limited to confidential research, development, or commercial information,
personal medical information, private personal information, protected health
information, tax returns, and other information reasonably sought to be kept
confidential.

2.    **Designation of Confidential Information.** Any party may
reasonably designate any document containing Confidential Information, or portion
thereof, which it may produce as "Confidential" by labeling the document to be so
designated substantially as follows: "CONFIDENTIAL: SUBJECT TO
PROTECTIVE ORDER." The designation CONFIDENTIAL: SUBJECT TO
PROTECTIVE ORDER does not mean that the document has any status or
protection by statute or otherwise except to the extent and for the purposes of this
Order.

3.    **Use of Confidential Information.** Anyone who is provided with
access to Confidential Information under this Order shall use such information

solely in connection with this action, shall keep such information strictly confidential, and shall in no way disclose such information, or any portion, summary, abstract or other derivation thereof, to any firm, person, or entity, except as provided in paragraph 4. No party may withhold any responsive document from production on the basis that it contains or constitutes Confidential Information. This Protective Order is intended to facilitate the disclosure of such information, not prevent it.

        4.    **Disclosure of Confidential Information.** Access to Confidential Information shall be limited to:

        (a)   *Attorneys.* Attorneys of record and other personnel in their law firm(s) (including other attorneys, paralegals, and other staff personnel) who require access for the purpose of representing any party in this action.

        (b)   *Named parties.* The named parties in this action.

        (c)   *Experts and consultants.* Outside experts or consultants retained in connection with this action, provided that they first shall be shown and shall read a copy of this Stipulated Protective Order, and shall execute a Confidentiality Agreement in the form attached hereto as Exhibit A. Counsel shall retain executed Confidentiality Agreements for consultants and experts, but shall not be required to produce them absent Court order upon showing of good cause.

        (d)   *Witnesses.* Witnesses who testify at depositions, hearings, or trial, if any such further proceedings occur in this case.

        (e)   *Court reporters and videographers.* Court reporters and videographers appearing at depositions, hearings, or trial, if any such further proceedings occur in this case.

        (f)   *Court.* The Court and its personnel.

(g)    *Vendors*. Vendors hired by a party to host data and maintain a database of electronic data or perform other work related to the collection, review, or production of documents in this case.

(h)    *Other persons*. Without the necessity of a Court order, any other person who the parties jointly agree may have access to the Confidential Information.

5.    **Non-Waiver of Confidentiality or Objection to Production.** Review of Confidential Information by any person in paragraph 4 shall not waive the confidentiality of that information.

6.    **Inadvertent Disclosure of Confidential Information.** The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not be deemed a waiver, in whole or in part, of any party's claim of confidentiality. Within fifteen (15) days of discovering such inadvertent or unintentional disclosure, any party to this Order may advise the other parties that the Confidential Information is to be designated as Confidential under the terms of this Order.

7.    **Inadvertent Disclosure of Privileged Information.** In the interest of expediting discovery in this proceeding and avoiding unnecessary costs, (a) inadvertent or unintentional disclosure in this litigation of privileged information and/or work product shall not be deemed a waiver, in whole or in part, of any otherwise valid claim of privilege, immunity, or other protection; and (b) failure to assert a privilege and/or work product in this litigation as to one document or communication shall not be deemed to constitute a waiver, in whole or in part, of the privilege, immunity, or other protection as to any other document or communication allegedly so protected, even involving the same subject matter. In the case of inadvertently produced privileged and/or work product documents, upon the recipient becoming aware that he or she has received such documents that were inadvertently produced, or upon a request made by the producing party, the documents together with all copies made of them and any notes made from them

shall be returned forthwith to the party claiming privilege and/or work product immunity. Any party may, within five (5) court days after notification of inadvertent disclosure under this paragraph, object to the claim of inadvertence by notifying the designating or producing party in writing of that objection and specifying the designated or produced material to which the objection is made. The parties shall confer within fifteen (15) days of service of any written objection. If the objection is not resolved, the designating party shall, within fifteen (15) days of the conference, file and serve a motion to resolve the dispute. If a motion is filed, information subject to dispute shall be treated consistently with the designating or producing party's most recent designation until otherwise ordered by the Court.

8.    **Depositions.** Any deposition which a party determines will or might reasonably include disclosure of Confidential Information shall be attended only by those persons entitled to receive such Confidential Information pursuant to this Order, but this shall not be construed to allow any such person to attend a deposition he or she otherwise would not be allowed to attend. During a deposition, any party may ask the reporter to designate certain portions of the testimony as confidential, in which case the confidential portions shall be separately transcribed and labeled as confidential. In addition, within thirty (30) days after a copy of the transcript taken at the deposition is delivered to the parties, counsel may designate the entirety or any specified portion of the transcript or exhibits thereto as Confidential by letter to the opposing party. Until such thirty-day period expires, the entirety of such transcripts and all exhibits thereto shall be treated as Confidential and subject to this Order. After such thirty-day period expires, such transcripts, exhibits or portions thereof designated as Confidential shall be treated as such under this Order. If no such designation is made within thirty days, such transcripts or exhibits shall not be subject to this Order, except as later agreed by the parties.

9.    **Filing With Court.** In filing materials with the Court in pretrial proceedings, counsel shall file under seal only those specific documents and

deposition testimony designated as Confidential, and only those specific portions of

briefs, applications, and other filings that either contain verbatim Confidential

Information or set forth the substance of such Confidential Information. Pursuant to

Civil Local Rule 79-5, protected Material may only be filed under seal pursuant to a

court order authorizing the sealing of the specific Protected Material at issue. Thus,

the Court retains the power, either upon motion of any interested party or on its own

motion, to determine whether materials filed under seal shall remain sealed. Any

such Confidential Information shall be filed under seal, in a sealed envelope (or

other sealed container) marked with the title of this action, the title of each such

transcript or document being filed, and a statement substantially in the following

form:

### CONFIDENTIAL

Pursuant to the Stipulated Protective Order dated _____, 202_, this

envelope containing the above-entitled transcripts or documents filed by

[the name of the party], is not to be opened nor the contents thereof

displayed or revealed, except in accordance with an Order of the Court.


10.    **Objection to Designation.** If any party to the litigation disputes

the designation of any document or information as Confidential Information, before

seeking the assistance of the Court, the parties must first confer in good faith in an

attempt to resolve the question of whether or on what terms the document or

information is entitled to Confidential treatment. The party objecting to the

Confidential designation shall notify the designating party in writing, and the

designating party shall respond within fifteen (15) days. If the parties are unable to

agree as to whether the document or information is properly designated as

Confidential Information, the designating party must file an appropriate motion with

the Court within fifteen (15) days. The burden of proving the propriety of the

designation rests on the party who has made the designation. If the designating party

does not file an appropriate motion with the Court within fifteen (15) days, then the document or information will lose its Confidential designation. Otherwise, until a resolution of the dispute is achieved either through consent or Court order, the parties shall treat the designated document or information as Confidential Information.

11. **Return of Confidential Information.** Upon the termination of this action, whether by Court order, judgment, settlement, or otherwise, including the termination of any appeals, each party will return to the other or destroy all documents (including copies and reproductions) designated as Confidential. The return or destruction of Confidential materials shall be completed within thirty (30) days after termination of this action. Any attorney of record in this action who provides access to Confidential Information to any expert, consultant, witness, or other person (as defined in paragraph 4) is responsible for the retrieval from any such expert, consultant, witness, or other person of all documents designated as Confidential; and the work product prepared by any such expert, consultant, witness, or other person derived from that Confidential Information shall be destroyed and/or returned to that attorney of record. This Order, and the obligation to keep Confidential Information confidential, shall survive the final termination of this action.

12. **Request to Produce Confidential Information by Subpoena or Otherwise.** If any party who has received Confidential Information is asked to produce such information, by subpoena or otherwise, for purposes of use in a separate legal action, the party receiving such a request shall promptly inform the producing party that such request has been received and shall object to such request on the basis of this Order.

13. **Waiver of Privilege and Admissibility.** Nothing in this Order shall be deemed a waiver of any type of privilege applicable to any type of information in this or any other action or proceeding. Nothing in this Order shall be

construed to affect the evidentiary admissibility of any Confidential Information, and absent order of the Court, there will be no restrictions because of this Order on the use of any document that may be introduced by any party during any hearing, including trial.

14. **Use at Trial.** Nothing in this Order shall govern the use of Confidential Information at any trial of this action. Questions regarding the protection for Confidential Information during trial shall be presented to the Court prior to or during trial as each party deems appropriate.

15. **Non-Party's Confidential Information.** Any non-party producing discovery material or giving deposition testimony in this action may avail herself, himself, or itself of the confidential treatment provided for in this Order for her, his, or its discovery material or testimony by following the procedures provided herein.

16. **No Confidential Information shall be Impounded with the Court.** No Confidential Information or material that a party seeks to have designated or treated as Confidential Information shall be impounded or stored with the Court.

17. **Modification.** This Order shall not prevent any party from applying to the Court for modification of the Order or for further relief.

18. **Subject to Further Orders of the Court.** This Order is subject to the Court's further orders.

19. **Failure to Comply.** Failure to comply with this Order shall be a basis for monetary sanctions or other appropriate relief.

20.   **Subtitles.** The subtitles in this Order have been provided for convenience only and are not to be considered in construing or interpreting the meaning of this Order.

**FOR GOOD CAUSE SHOWN BY THE PARTIES' STIPULATION, IT IS SO ORDERED** on this the 1st day of July, 2025.

_____
HON. PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Laucella et al. v. Medtronic, Inc*, 2:25-cv-00466-SB-PVC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____


Printed name: _____


Signature: _____